UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOEL DAVIS

VERSUS

HAILEY ELIZABETH DAVIN, ET AL.

CIVIL ACTION

NO. 16-327-BAJ-EWD

**ORDER**

Before the court is a Motion for Leave to Amend Petition ("Motion for Leave")[1] filed by Plaintiff, Joel Davis ("Plaintiff").  The purpose of the amendment is to "add an additional party that provided insurance coverage for the damages sought in this matter."[2]

The case was removed from state district court under 28 U.S.C. § 1332 based upon complete diversity of citizenship.[3]  The Notice of Removal asserts that Plaintiff is "an individual resident citizen of the State of Louisiana."[4]  The Notice further asserts that defendant, 21st Century Insurance Company, "is a foreign insurance company licensed to do and doing business in the State of Louisiana" and that defendants Davin and Rosenthal "are alleged residents of California."[5]

On November 1, 2016, Plaintiff filed the instant Motion for Leave.  However, Plaintiff does not state in the Motion for Leave whether defendants consent to or oppose his proposed amendment.  Further, the proposed First Supplemental and Amending Petition for Damages does not allege the citizenship of all parties.  The proposed amendment merely asserts Plaintiff is a "resident" of Louisiana and that defendants Davin and Rosenthal are "residents" of California.[6]  With regard to the corporate defendants, the proposed amendment asserts that 21st Century Insurance Company is a "foreign insurance company" and that Safeco Insurance Company (the

---

[1] R. Doc. 11.
[2] R. Doc. 11.
[3] R. Doc. 1.
[4] R. Doc. 1, ¶ 9.
[5] R. Doc. 1, ¶ 10.  21st Century Insurance Company's Corporate Disclosure Statement asserts that it is "an insurance company organized under the laws of the State of Delaware and domiciled in the State of Delaware."  R. Doc. 1.
[6] R. Doc. 11-1.

defendant sought to be added to this suit) is a "foreign insurance company authorized to do and doing business in the State of Louisiana."[7]

Proper information regarding the citizenship of all parties is necessary to establish the court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1447(e) when a plaintiff seeks to join an additional defendant after removal. Citizenship has not been adequately alleged in the proposed Amended Petition. First, with regard to Plaintiff and the individual defendants, the only allegation is that they are "residents" of particular states. The Fifth Circuit has explained that, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). Second, the citizenship of the corporate defendants has not been adequately alleged. A corporation is a citizen of its place of incorporation and its principal place of business. 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff file a motion to substitute the proposed pleading (R. Doc. 11-1) with a proposed pleading that properly sets forth the citizenship of the parties.

**IT IS FURTHER ORDERED** that Plaintiff shall state in his motion to substitute whether defendants consent to the filing of Plaintiff's Amended Petition. Plaintiff shall have seven (7) days from the date of this Order to file the motion to substitute without further leave of Court.

Signed in Baton Rouge, Louisiana, on November 8, 2016.

*Erin Wilder-Doomes*
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] R. Doc. 11-1.